# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JOHN KANERVA,

        Plaintiff,

    v.                                  Case No. 13-C-610

AMERICAN ADVANTAGE INSURANCE, INC., et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff has filed a *pro se* complaint and a motion seeking leave to proceed *in forma pauperis*. Regardless of the filing fee issue, under 28 U.S.C. § 1915(e)(2), a court must dismiss any action that appears frivolous or fails to state a claim on which relief may be granted. Moreover, federal courts have an independent duty both to insure that the legal process is not abused and to police their own jurisdiction. I conclude that this case must be dismissed because the Plaintiff has not cited any plausible basis for federal jurisdiction.

Federal courts are courts of limited jurisdiction, and as such they are largely restricted to hearing cases arising under federal law or between parties of different states. The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions "between . . . citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Plaintiff and most of the Defendants are Wisconsin citizens. As such, the case does not qualify for federal diversity jurisdiction because *complete* diversity of citizenship is required. Since 1806 the statutory formulation "between ...

citizens of different States" has been interpreted so as to require complete diversity between all plaintiffs and all defendants. *Lincoln Property Co. v. Roche,* 546 U.S. 81, 89 (2005). That means that if even one party on a side of the lawsuit is a citizen of the same state as a party on the other side, there is no diversity jurisdiction. Here, the Plaintiff and many of the Defendants are Wisconsin citizens, which means there is no jurisdiction under § 1332. Because § 1332 does not allow federal courts to hear disputes between citizens of the same state, there must be another basis for federal jurisdiction if this case is to proceed.

The other possible basis for jurisdiction would be federal law, which the complaint occasionally (if sparingly) refers to. Title 28 U.S.C. § 1331 provides that district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The complaint details a wide-ranging story of fraud involving real property, but does not state any ground under which any of the Defendants would be liable in a private civil lawsuit under any federal statutory or constitutional provision. Except in rare cases not relevant here, private individuals and companies cannot violate the Constitution because the Constitution dictates only what governments may do. None of the Defendants are government entities. Section 1983, the provision that allows citizens to sue for constitutional violations, requires that a defendant be acting "under color of law" at the time of the offense. 42 U.S.C. § 1983. There is no suggestion in the complaint that any of the Defendants were acting under color of law. Accordingly, there is no basis for jurisdiction under § 1331.

2

Because this federal district court lacks subject matter jurisdiction over the case, the case will be **DISMISSED**. The motion to proceed *in forma pauperis* is **GRANTED,** meaning that the filing fee is waived due to indigence.

**SO ORDERED** this 10th day of June, 2013.

  /s William C. Griesbach                                
William C. Griesbach, Chief Judge
United States District Court